Daniel G. Shay, Esq. (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorney for Gerry Tolentino*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY TOLENTINO, | CASE NO. '14CV0755 MMAKSC |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEQ.** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

1

Complaint for Damages

## INTRODUCTION

1. Gerry Tolentino ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Portfolio Recovery Associates, LLC ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and related entities, in negligently, or willfully violating the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district.

///

2

**Complaint for Damages**

5. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company registered in Delaware with its principal place of business located in Virginia. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

7. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(32).

## FACTUAL ALLEGATIONS

8. Plaintiff incurred a debt sometime prior to 2013. The debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed to collect the debt.

9. While attempting to collect the debt, Defendant called Plaintiff on his T-Mobile cellular telephone ending 6211 no less than 6 (six) times from April 23, 2013 through May 11, 2013 and Plaintiff has a call log that lists the calls. The telephone number Defendant used ended in 1413.

10. Plaintiff believes Defendant called him on many other occasions and will seek to obtain the applicable outbound dial list from Defendant in Discovery.

11. Defendant utilized an Automatic Telephone Dialing System as defined by 47 U.S.C. § 227 (a)(1) to place the calls to Plaintiff.

12. Defendant used an artificial or prerecorded voice to deliver messages to Plaintiff without the prior express consent of Plaintiff in violation of 47 U.S.C. § 227 (b)(1)(A).

13. Plaintiff never gave Defendant consent to call his cellular telephone. Plaintiff was assigned the number ending 6211 by T-Mobile about 2 (two) years ago and the debt is much older than that, meaning Plaintiff did not list that number on the

      credit application. Plaintiff does not know how Defendant obtained that number, but it was not from Plaintiff.

14. Plaintiff acknowledges his number ending 6211 appears to be a land-line but it is in fact assigned to his T-Mobile cellular telephone.

15. Plaintiff's wireless number ending 6211 may have been ported from a landline. Under C.F.R. § 64.1200(a)(1)(iv)(C) there is a "safe harbor" for auto-dialed calls to such a number for 15 (fifteen) days after porting. Here, the calls were made well over 15 (fifteen) days after porting, if the number was in fact ported.

16. Defendant called Plaintiff on his cellular telephone ending 6211 at least 6 (six) times via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The telephone number Defendant or their agents called was assigned to a cellular telephone ending 6211 for which Plaintiff incurs a charge for incoming calls as set forth in 47 U.S.C. § 227(b)(1)(A)(iii).

18. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. These telephone calls by Defendants or their agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

20. Because the TCPA is a remedial statute, it should be construed to benefit consumers. *Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3d Cir. 2011)*

///
///
///
///
///

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**47 U.S.C. § 227**

21. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

22. The TCPA regulates, among other things, the use of automated telephone equipment or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

23. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

24. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent".[4]

///

///

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

5

**Complaint for Damages**

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq..

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future.

29. Plaintiff is also entitled to an award of attorney fees and costs.

**SECOND CAUSE OF ACTION**

**KNOWING OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

30. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq..

32. As a result of Defendant's knowing or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

33. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future.

34. Plaintiff is also entitled to an award of attorney fees and costs.

**Complaint for Damages**

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF**

**THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

35. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

36. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

37. An award of attorneys' fees and costs to counsel for Plaintiff;

38. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

**KNOWING OR WILLFUL VIOLATIONS**

**OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

39. As a result of Defendant's willful or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

40. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

41. An award of attorneys' fees and costs to counsel for Plaintiff;

42. Any other relief the Court may deem just and proper.

///

///

///

///

Complaint for Damages

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: April 1, 2014

LAW OFFICE OF DANIEL G. SHAY

By: /s/ Daniel G. Shay, Esq.
Daniel G. Shay, Esq.
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorney for Plaintiff Gerry Tolentino*

Complaint for Damages